UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  16-CV-2120 |
| | ) |
| JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, is a federal detainee currently housed at the Macon County Jail. Plaintiff was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiff is a prolific litigator, who currently has six pending cases in this District. The plaintiff has filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he ingested an extra pill with his regular medications after Defendant Furman, the correctional officer who distributed the medication, inadvertently confirmed that the plaintiff had been prescribed additional medication. The plaintiff alleges that upon recognizing the mistake, Defendant Furman called the doctor, told the plaintiff that the doctor said the plaintiff would experience lightheadedness and dizziness, and placed the plaintiff in an observation cell, where Defendant Furman checked the plaintiff's blood pressure several times throughout the night. The plaintiff alleges he suffered from lightheadedness and dizziness. The plaintiff also alleges that the defendants transferred the plaintiff to the Macon County Jail in retaliation for lawsuits the plaintiff had filed.

The plaintiff's allegations do not support a finding that Defendant Furman acted with deliberate indifference to a serious medical need. Claims of negligence are not sufficient. See *McDonald v. Hardy*, -- F.3d --, 2016 WL 2641942, at *4 (7th Cir. 2016) (citing *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014), and *Duckworth v. Ahmad*, 532 F.3d 675,

679 (7th Cir. 2008)). Nothing in Plaintiff's allegations suggests that Defendant Furman acted with a culpable state of mind, especially when immediately after recognizing the error, Defendant Furman contacted the doctor and followed the doctor's instructions. In addition, Plaintiff may not proceed against the other defendants on the basis that they held supervisory positions at the jail. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." (citations omitted)).

The plaintiff may be able to state a claim for retaliation, but the plaintiff needs to provide more information regarding his transfer and how the defendants had the authority to transfer him from one county jail to another. The Court will allow plaintiff the opportunity to amend his complaint on his claim of retaliation.

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order on plaintiff's claim that he was retaliated against. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined above, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

Entered this 8th day of June, 2016.

**/s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE