E-FILED
Monday, 12 December, 2016  11:58:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HENRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-2120 |
| | ) | |
| JOHN DOE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court dismissed Plaintiff's complaint in its Merit Review and Case Management

Order and granted Plaintiff leave to file an amended complaint with regards to his retaliation

claim.  Plaintiff's amended complaint is now before the Court for screening pursuant to 28

U.S.C. § 1915A.  In reviewing the amended complaint, the Court takes all factual allegations as

true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir.

2013).  However, conclusory statements and labels are insufficient.  Enough facts must be

provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d

418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges that he was transferred from Dewitt County Jail to Macon County Jail.

Plaintiff alleges that Defendants, all administrators at Dewitt County Jail, had him transferred

because Plaintiff had filed several lawsuits and grievances against them complaining about the

conditions of confinement.  Plaintiff alleges that the healthcare he now receives is not as good as

it was at Dewitt County Jail.

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity

protected by the First Amendment; he suffered a deprivation that would likely deter First

Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). "[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The adverse action need not independently violate the Constitution, rather "a complaint need only allege a chronology of events from which retaliation may be inferred." *Id.*

Liberally construed, Plaintiff states a First Amendment claim for retaliation. The issues regarding whether the defendants made the decision to transfer Plaintiff, or whether they even had the authority to do so should be resolved on a more developed record.

**IT IS THEREFORE ORDERED:**

1.      **Plaintiff's Motion for Leave to File an Amended Complaint [8] is GRANTED. Clerk is directed to docket the attached amended complaint.**

2.      **Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment claim for retaliation against defendants Shofner, Walker, and Spickard. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3.      **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4.      **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

5.      **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's**

forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

7.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.     Clerk is directed to terminate defendants John Doe and Furman.

12.     The Clerk received correspondence indicating that Plaintiff is no longer incarcerated at the Macon County Jail.  Plaintiff appears to now be incarcerated at Jerome Combs Detention Center in Kankakee, Illinois, based upon notices of change of address he has filed in those cases.  *See, e.g. Johnson v. Gallaway*, No. 16-2096, ECF No. 25 (C.D. Ill., Sept. 26, 2016).  Plaintiff is reminded that he is under a continuing obligation to keep the

**Clerk and each opposing party informed of any change in his location. Pursuant to Central District of Illinois Local Rule 16.3(K), every pro se plaintiff must notify the Clerk of this court in writing of any change of address during the entire pendency of his case. It is not the Court's responsibility to independently maintain current addresses on all parties to pending actions. Plaintiff shall, no later than 14 days from the date of this Order, file a notice of change of address with the Clerk. Failure to do so will result in dismissal of this action. As a courtesy to Plaintiff, the Clerk is directed to send a copy of this Order to Plaintiff at Jerome Combs Detention Center, 3050 Justice Way, Kankakee, IL 60901.**

Entered this 9th day of December, 2016.

_____*s/Harold A. Baker*_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE